IN THE UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY RUSSELL AKA KIMBERLY MOORE, individually and on behalf of a class of others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> JEFFERSON CAPITAL SYSTEMS, LLC, <br><br> Defendant. | CASE NO. 14-00331--CG-B |

## DEFENDANT JEFFERSON CAPITAL SYSTEMS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Jefferson Capital Systems, LLC ("Defendant"), by and through its attorneys, for its Answer and Affirmative Defenses to the ("Complaint") of Plaintiff Kimberly Russell, a/k/a/ Kimberly Moore ("Plaintiff"), states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because the complaint contains claims that arise under the laws of the United States.

**ANSWER:** This paragraph calls for a legal conclusion to which no response is required. To the extent that a response is required, Defendant is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this paragraph and, therefore, Defendant denies same.

2. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this paragraph and, therefore, Defendant denies the same.

## PRELIMINARY STATEMENT

3. This is an action for actual damages, statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Plaintiff brings this action individually and on behalf of all others similarly situated to recover damages by reason of the Defendant's violations of the FDCPA. The violating actions addressed in this Complaint stem from attempts to collect a time barred debt by filing a proof of claim form in Plaintiff's Chapter 13 bankruptcy case.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action as a class action pursuant to the Fair Debt Collection Practices Act ("FDCPA"). Defendant denies that a class can be certified and denies any liability to Plaintiff under the FDCPA or any other statutory or common law theory. Defendant denies the remaining allegations contained in this paragraph, if any.

## PARTIES

5. Plaintiff is a natural person and adult resident of Mobile County, Alabama. She is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this paragraph and, therefore, Defendant denies the same.

6. Defendant Jefferson Capital Systems, LLC ("Jefferson Capital") does business within the State of Alabama.

**ANSWER:** Admitted.

7. Jefferson Capital is a Georgia limited liability company.

**ANSWER:** Admitted.

8. According to its website, "Jefferson Capital purchases and services consumer bankruptcy accounts in your portfolio. We evaluate and acquire bankruptcy receivables through

bulk sales or on a forward flow basis. Additionally, we provide bankruptcy claims services and notification services."

**ANSWER:** The referenced website speaks for itself and Defendant denies the allegations set forth in paragraph 8 to the extent such allegations are inconsistent with the referenced website. Further answering, Defendant denies that it has committed any violation or any other alleged wrongdoing.

9. Jefferson Capital is regularly engaged in the practice debt collection.

**ANSWER:** This paragraph calls for a legal conclusion to which no response is required. To the extent that an answer is required, Defendant denies the same.

10. The defendant sends collection letters and places collection calls as a regular part of its business.

**ANSWER:** Defendant denies this paragraph as stated. Further, answering Defendant admits that it sends correspondence and places telephone calls.

11. Defendant is debt a collector as defined by the FDCPA.

**ANSWER:** This paragraph calls for a legal conclusion to which no response is required. To the extent that an answer is required, Defendant demands strict proof thereof.

## FACTUAL ALLEGATIONS

12. Plaintiff, on November 13, 2013, filed for relief under Chapter 13 of Title 11 U.S. Code in the Bankruptcy Court for the Southern District of Alabama, Case Number 13-03925.

**ANSWER:** Defendant admits that Plaintiff filed for relief under Chapter 13 of Title 11 U.S. Code in the Bankruptcy Court for the Southern District of Alabama, Case Number 13-03925 and denies the remainder of the paragraph.

13. The Defendant, on or about November 26, 2013, filed a proof of claim against her in her bankruptcy case seeking to collect the sum of $483.88.

**ANSWER:** Defendant admits that it filed a proof of claim in the amount of $483.33 in connection with Plaintiff's bankruptcy case on or about November 26, 2013, and denies the remainder of the paragraph.

14. The claim, attached as Exhibit One, states the original creditor is "BANK FIRST/CARD" and the date of the last transaction on the account was stated as November 18, 2002.

**ANSWER:** Defendant admits that the proof of claim attached as Exhibit One states that the original creditor is "BANK FIRST/CARD" and denies the remainder of the paragraph. Further answering, Defendant states that Exhibit One speaks for itself and Defendant denies any allegations contained in this paragraph that are inconsistent with Exhibit One.

15. On or about February 27, 2014 Defendant filed an additional proof of claim against Plaintiff in her bankruptcy case seeking to collect the sum of $662.77.

**ANSWER:** Defendant admits that it filed a proof of claim in the amount of $622.77 in connection with Plaintiff's bankruptcy case on or about February 27, 2014, and denies the remainder of the paragraph.

16. This claim, attached as Exhibit Two, states the original creditor is "FINGERHUT/AXSYS NATIONAL BANK" and the date of the last transaction on the account was stated as April 19, 1997.

**ANSWER:** Defendant admits that the proof of claim attached as Exhibit Two states that the original creditor is "FINGERHUT/AXSYS NATIONAL BANK" and the last transaction date was "April 19, 1997". Further answering, Defendant states that Exhibit Two speaks for itself and Defendant denies any allegations contained in this paragraph that are inconsistent with Exhibit One.

17. These claims are barred by the applicable statute of limitations.

**ANSWER:** This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, Defendant denies the same.

18. The filing of such a claims is an attempt to collect time barred debts and a violation of at least Sections 1692e and 1692f of the FDCPA because it is "unfair," unconscionable," deceptive," and misleading.

**ANSWER:** Denied.

## COUNT I

### (FDCPA Violation)

17. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

**ANSWER:** Defendant reasserts and incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.[1]

18. As a result of its violations of the FDCPA, Jefferson Capital is liable to Plaintiff for actual and statutory damages, plus costs and attorney's fees.

**ANSWER:** Denied.

WHEREFORE, Defendant, Jefferson Capital Systems, LLC, requests that this Court enter judgment in Defendant's favor, dismiss Plaintiff's Complaint with prejudice, award Defendant all costs and fees incurred herein, and order whatever further relief this Court deems just and appropriate.

## COUNT II

### (CLASS ACTION ALLEGATIONS)

19. Plaintiff realleges and adopts all of the relevant foregoing paragraphs contained in this complaint.

**ANSWER:** Defendant reasserts and incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

20. Plaintiff prays that this court will certify this action as a class action as provided by Federal Rules of Civil Procedure, Rule 23, and realleges and incorporates by reference the allegations and counts of complaint on behalf of all those persons hereinafter described belonging to the class or any sub-class therein.

---

[1] After paragraph 18, the Complaint starts numbering again beginning with paragraph 17. Defendant answers consistent with such numbering.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action as a class action pursuant to Federal Rules of Civil Procedure 23 on behalf of a purported class. Defendant denies that a class can be certified and denies the remaining allegations contained in this paragraph. Further answering, Defendant reasserts and incorporates by reference its answers to the preceding paragraphs.

21. Plaintiff brings this action on behalf of herself and all members of a class defined as all consumers in the United States who:

    a. Filed for relief under chapter 13 of title 11 U.S. Code; and

    b. The defendant filed one or more claims, as that term is used in 11 U.S.C. § 501, in connection with debts whose collection was barred by the applicable limitations period;

    c. Within a period, beginning one year prior to the filing of the original complaint through the date of the certification of a class herein.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action as a class action pursuant to Federal Rules of Civil Procedure 23 on behalf of a purported class. Defendant denies that a class can be certified and denies the remaining allegations contained in this paragraph. Further answering, Defendant reasserts and incorporates by reference its answers to the preceding paragraphs.

22. The class is so numerous, that joinder of all members is impractical. Plaintiff further avers that there are questions of law or fact common to the class relating to the conduct of the defendant regarding said claims. Plaintiff further avers that her claims or defenses, as representative of the class, are typical of the class. Plaintiff further avers that in a representative capacity she will fairly and adequately protect the interest of the class.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action as a class action pursuant to Federal Rules of Civil Procedure 23 on behalf of a purported class. Defendant denies that a class can be certified and denies the remaining allegations contained in this paragraph.

23. Each class member has, or has been subjected to collection activity in violation of the FDCPA because the defendant has or attempted to collect a time barred debt from class members.

**ANSWER:** Denied.

24. Names and addresses of class members are presently unknown to plaintiff, but can be readily ascertained from the defendant's business records.

**ANSWER:** Denied.

25. Common or similar issues of law and fact predominate over individual issues. These common issues include, but are not limited to the following:

   a. Whether Jefferson Capital violated the FDCPA by filing a Proof of Claim related to a time barred debt;

   b. What is the appropriate remedy for Jefferson Capital's violation of the FDCPA?

**ANSWER:** Denied.

26. Proof of common facts and legal doctrines by the representative plaintiff will determine the claims of each member of the class.

**ANSWER:** Denied.

27. This class action proceeding will provide a practical basis for the determination of all interest of the parties, prevent inconsistent adjudications, maximize judicial economy, and is superior to all other available methods of fair and efficient adjudications of the controversy.

**ANSWER:** Denied.

28. The named representative's claims are typical and representative of the class.

**ANSWER:** Denied.

29. It is and was the practice of Defendant to attempt debt collection that was in violation of the FDCPA as stated in the above.

**ANSWER:** Denied.

WHEREFORE, Defendant, Jefferson Capital Systems, LLC, requests that this Court enter judgment in Defendant's favor, dismiss Plaintiff's Complaint with prejudice, award Defendant all costs and fees incurred herein, and order whatever further relief this Court deems just and appropriate.

# AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof as to any of these defenses, Defendant asserts the following defenses to the claims set forth in Plaintiff's Complaint:

(1)     Plaintiff fails to state a claim upon which relief can be granted.

(2)     Plaintiff failed to mitigate her damages, if any.

(3)     Plaintiff's damages, if any, and none being admitted, were not caused by Defendant, but by another person or entity, including Plaintiff, for whom Defendant is not responsible and over whom Defendant exercises no control.

(4)     Defendant asserts that Plaintiff's claims are preempted, implicitly repealed, precluded, and/or displaced by the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

(5)     Plaintiff's claims may barred by the doctrines of laches, estoppel, unclean hands, ratification, collateral estoppel, *res judicata* or waiver.

(6)     Plaintiff's claims may be barred by the applicable statute of limitations.

(7)     Plaintiff has failed to join necessary parties.

(8)     Defendant asserts all rights, privileges, protections, and defenses available under the FDCPA and any all regulations related thereto.

(9)     Any violation of the FDCPA was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

(10)     Plaintiff's claims are subject to arbitration.

(11)     Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. To the extent Plaintiff's claims may be barred by one or more of the affirmative defenses not specifically cited above, Defendant incorporates all such defenses set forth in, or contemplated by, Rule 8(c).

(12) Defendant expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

WHEREFORE, Defendant, Jefferson Capital Systems, LLC, requests that this Court enter judgment in Defendant's favor, dismiss Plaintiff's Complaint with prejudice, award Defendant all costs and fees incurred herein, and order whatever further relief this Court deems just and appropriate.

Respectfully submitted this the 3rd day of October 2014.

/s/S. Anthony Higgins
S. ANTHONY HIGGINS
Attorney for Jefferson Capital Systems, LLC

OF COUNSEL:
HOLTSFORD GILLILAND HIGGINS HITSON & HOWARD, P.C.
P. O. Box 4128
Montgomery, Alabama 36103
Tel: 334-215-8585
Fax: 334-215-7101
email: thiggins@hglawpc.com


/s/Steven P. Savarese, Jr.
STEVEN P. SAVARESE, JR.
Attorney for Jefferson Capital Systems, LLC

OF COUNSEL:
HOLTSFORD GILLILAND HIGGINS HITSON & HOWARD, P.C.
29000 U.S. Highway 98, Suite A-302
Daphne, Alabama 36526
Tel: 251-447-0234
Fax: 251-447-0212
email: ssavarese@hglawpc.com

-and-

MCGUIREWOODS LLP
David L. Hartsell, Esq.
Paul J. Catanese, Esq.
77 West Wacker Drive, Suite 4100
Chicago, Illinois 60601
Telephone: (312) 849-8100
Facsimile: (312) 849-3690


**CERTIFICATE OF SERVICE**

     I hereby certify that on October 3, 2014, an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of the same in the United States Mail, postage prepaid and properly addressed; and/or (c) by personal/firm email to the following:

Earl P. Underwood, Jr.
21 South Section Street
Fairhope, AL 36532

                                            /s/S. Anthony Higgins
                                            OF COUNSEL